1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| 11 | CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY, a Delaware limited liability company, | CASE NO. CV 12-08099 SJO(AJWx) |

CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY, a
Delaware limited liability company,

CASE NO. CV 12-08099 SJO(AJWx)

ORDER RE CONTEMPT, ORDER FOR BODY ATTACHMENT AND ISSUANCE OF WARRANT OF ARREST

Plaintiff,

vs.

CALIFORNIA TRAFFIC MAINTENANCE, INC., a California corporation; GILBERT APODACA, an individual; AMERICAN CONTRACTORS INDEMNITY COMPANY, a California corporation; ROY ALLAN SLURRY SEAL, INC., a California corporation; PHILADELPHIA INDEMNITY INSURANCE COMPANY, a Pennsylvania corporation; DOE 1 through DOE 10,

Defendants.

I.    FACTUAL BACKGROUND

1.    This action was brought by Plaintiff, CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE

282881.1

COMPANY, a Delaware limited liability company on behalf of LABORERS HEALTH AND WELFARE TRUST FUND FOR SOUTHERN CALIFORNIA, CONSTRUCTION LABORERS PENSION TRUST FOR SOUTHERN CALIFORNIA, CONSTRUCTION LABORERS VACATION TRUST FOR SOUTHERN CALIFORNIA, LABORERS TRAINING AND RE-TRAINING TRUST FUND FOR SOUTHERN CALIFORNIA, FUND FOR CONSTRUCTION INDUSTRY ADVANCEMENT, CENTER FOR CONTRACT COMPLIANCE and LABORERS CONTRACT ADMINISTRATION TRUST FUND FOR SOUTHERN CALIFORNIA (collectively, "TRUST FUNDS"), against Defendants, CALIFORNIA TRAFFIC MAINTENANCE, INC.  ("CAL TRAFFIC") and GILBERT APODACA, ("APODACA") and others.

2.     TRUST FUNDS, CAL TRAFFIC and APODACA entered into a Stipulation for Entry of Judgment and Judgment Pursuant to Stipulation was entered on July 1, 2013 [docket no. 73].   The Judgment, however, is against APODACA only due to a Chapter 7 Bankruptcy by CAL TRAFFIC.

3.     On September 25, 2014, the Court issued an Order to Appear for Examination for Enforcement of Judgment ("ORDER") [docket no. 92] requiring APODACA to appear for his examination and produce certain documents at said examination ("Debtor Examination") on November 4, 2014, before the Honorable Andrew J. Wistrich, Magistrate Judge.  The Debtor Examination was rescheduled to December 8, 2014 by Order of the Court entered on September 29, 2014 [docket no. 94] ("2ND ORDER").

4.     On October 12, 2014, APODACA was personally served with the Court's ORDER and 2ND ORDER [proof of service filed on October 21, 2014 [docket no. 94] to appear for the December 8, 2014 Debtor Examination; however, on December 8, 2014, APODACA failed to appear for said examination.

5.     The Court's Minutes regarding the December 8, 2014 Debtor Examination [docket no. 96] confirms APODACA'S nonappearance at the Debtor Examination.

-2-

6.     On December 2, 2015, TRUST FUNDS filed and served by mail on APODACA, an Application for an Order to Show Cause re Contempt [docket no. 97] for APODACA's failure to obey the Court's ORDER and 2ND ORDER to appear for the December 8, 2014 Debtor Examination.

7.     On January 14, 2015, the Court issued its Order to Show Cause re Contempt ("OSC") [docket no. 98] requiring APODACA to appear before the Court to show cause why he should not be held in contempt of the Court's ORDER and 2ND ORDER (to appear for the Debtor Examination) and set the hearing on the OSC for February 9, 2015.

8.     On January 7, 2015, the Court's OSC was served by mail on APODACA in compliance with the Court' OSC requiring service be completed no later than (five) 5 days prior to the hearing, and proof of service was filed with the Court on January 7, 2015 [docket no. 99.]

9.     On February 9, 2015, the OSC came on regularly for hearing and when the case called, appearance was made by counsel for the TRUST FUNDS, and no appearance was made by APODACA.

10.     Counsel subsequently advised the Court that APODACA contacted counsel after the hearing and has agreed to reschedule and comply with a Judgment Debtor Examination.  The Examination is tentatively set for March 30, 2015.

## II.     FINDINGS

1.     APODACA was served with the Court's ORDER and 2ND ORDER to appear for a Judgment Debtor Examination and failed to appear.

2.     APODACA was served with the Court's OSC requiring APODACA'S appearance on February 9 2014 and failed to appear when then case was called.

3.     APODACA has failed to comply with the ORDER, the 2nd ORDER and OSC issued by the Court and having failed to obey said Orders, APODACA has not

282881.1

shown cause why he should not be held in contempt for failing to obey the Court's
ORDER, 2nd ORDER and OSC.

## III.   CONCLUSIONS OF LAW

1.      Civil contempt occurs when a party fails to comply with a court order
after having notice of the order.  <u>General Signal Corporation v. Donallco, Inc.</u>, 787 F.
2d 1376, 1379 (9th Cir. 1986), <u>United States v. Rylander</u>, 714 F.2d  996, 1003 (9th
Cir. 1983), <u>cert. denied</u> 467 U.S. 1209, 104 S.Ct. 2398, 81 L.Ed.2d 355 (1984).

2.      District Courts have the power to punish disobedience to court orders by
both civil and criminal contempt.  <u>United States v. Rose</u>, 806 F.2d  931 (9th Cir.
1986).

3.      APODACA was  served with this Court's ORDER and 2ND ORDER for
Appearance at Debtor Examination, and the Court's Order to Show Cause re
Contempt and have failed to appear before this Court to show cause why he should
not be held in contempt for his refusal to obey said Orders of this Court.

4.      The Court therefore finds that APODACA is in civil contempt for his
refusal to obey the Court's Orders to Appear for his Examination for Enforcement of
the Judgment and the Order to Show Cause re Contempt.

## IV.   ORDER RE CIVIL CONTEMPT

Based upon the foregoing findings of fact and conclusions of law and good
cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that:

APODACA is found to be in contempt of this Court's Orders to Appear for
Debtor Examination entered on September 25, 2014, and on September 29, 2014 and
having failed to appear for the hearing on the Court's Order to Show Cause re
Contempt set for February 9, 2015 to show cause why he should not be held in

contempt of this Court's ORDER, the Court orders the following:

1.     An Order for the body attachment of APODACA is issued, and a Warrant of Arrest is issued for the arrest of GILBERT APODACA.

2.     The Warrant of Arrest, however shall be held in abeyance to allow GILBERT APODACA to comply with the Debtor Examination which will be scheduled with the Honorable Andrew J. Wistrich, Magistrate Judge for March 30, 2015, or on a date available on Magistrate Judge Wistrich's calendar.

3.     If GILBERT APODACA fails to appear on March 30, 2015, or on another date set by the court for the Debtor Examination, the Warrant of Arrest shall be released to the United States Marshal Service to execute the Warrant of Arrest and present GILBERT APODACA before this Court to compel GILBERT APODACA'S compliance with the prior Court's Orders for the Judgment Debtor Examination entered on September 25, 2014 [docket no.92] and on September 29, 2014 [docket no. 94.]

4.     IT IS FURTHER ORDERED THAT the Court be informed immediately as to GILBERT APODACA'S failure to appear for the rescheduled Judgment Debtor Examination, and thereafter, upon any arrest made pursuant to this Court's Order.

DATED:    February 13, 2015

_____

HON. S. JAMES OTERO,
UNITED STATES DISTRICT JUDGE

282881.1

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party of the within action. My business address is 3550 Wilshire Boulevard, Suite 2000, Los Angeles, CA 90010.

On **February 10, 2015,** I served a copy of the document described as: **[PROPOSED] ORDER RE CONTEMPT, ORDER FOR BODY ATTACHMENT AND ISSUANCE OF WARRANT OF ARREST,** on the interested parties in this action who are identified below using the following means of service:):

## Gilbert Apodaca

## Sunland, CA

| | |
|---|---|
| | **BY ELECTRONIC MAIL:**  I caused to be sent such document by use of email to the email addressee above.  Such document was scanned and emailed to such recipient. |
| | **BY FACSIMILE TRANSMISSION:**  I caused a copy of the above referenced document(s) to be transmitted by a facsimile machine in compliance with Rule 2003 of the California Rules of Court to the interested party(ies) at the facsimile machine telephone number(s) shown above or on the service list. |
| **X** | **BY FIRST CLASS MAIL:**  I placed _ the original or **x** a true and correct copy of the document in sealed envelope(s) individually addressed to each of the parties, and caused each such envelope to be deposited in the mail.  Each envelope was mailed with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, mail is deposited with the U.S. Postal Service on the same day that it is collected in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing shown in this proof of service. |
| | **BY MESSENGER:**  I caused the sealed envelope to be personally served on the party(ies) named above, b causing same to be hand delivered via messenger on this date to the address(es) of said party(ies) shown on the service list. |
| | **BY OVERNIGHT DELIVERY:**  I deposited the sealed envelope in a box or other facility regularly maintained by the express service carrier or delivered to an authorized courier or driver authorized by the express carrier service to receive documents, in an envelope or package designated by the express service carrier when delivery fees paid or provided for, addressed to the party(ies) shown on the service list. |
| | **BY PERSONAL SERVICE:**  I placed _ the original or _ a true and correct copy of the foregoing document in sealed envelope(s) individually addressed to each of the parties listed above, and caused such envelope to be delivered by hand to the offices of each addressee |

Executed on February 10, 2015 at Los Angeles, California.

| | |
|---|---|
| **X** | **(FEDERAL)**  I declare that I am employed in the office of a member of the bar of this court, at whose direction the service was made. |

/s/
Virginia Alvarez

282881.1